UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD C. JOHNSON,

                Petitioner,            Case No. 2:17-cv-13538
                                                               HON. GERSHWIN A. DRAIN

v.

RANDALL HAAS,

                Respondent.
_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS [#8] AND HOLDING CASE IN ABEYANCE

### I. Introduction

Petitioner, Ronald C. Johnson, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Wayne Circuit Court conviction to second-degree murder. Mich. Comp. Laws § 750.317.

The petition raises four claims: (1) Petitioner was denied the effective assistance of trial counsel, (2) Petitioner was denied the effective assistance of appellate counsel, (3) insufficient evidence was presented at trial to sustain Petitioner's conviction, and (4) Petitioner was denied discovery of the victim's medical records.

1

Presently before the Court is Respondent's Motion to Dismiss Petitioner's Application Writ of Habeas Corpus. Dkt. No. 8. Respondent asserts that part of Petitioner's first claim and all of his second claim have not been exhausted in the state courts. *Id.* Because of concerns posed by the statute of limitations, the Court will deny the motion and instead hold the case in abeyance while Petitioner exhausts his state court remedies.

## II. Factual Background

Following his conviction and sentence Petitioner raised what now forms part of his first habeas claim (a subset of his present allegations of ineffective assistance of trial counsel) as well as his second and third habeas claims in the Michigan Court of Appeals. Dkt. 9-8. On September 16, 2014, the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Johnson*, 2014 WL 4628779 (Mich. Ct. App. Sep. 16, 2014). Reconsideration was granted, and the conviction was affirmed again in a second opinion. *People v. Johnson*, 2014 WL 5690417 (Mich. Ct. App. Nov. 4, 2014).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, which raised the same claims as in the Michigan Court of Appeals, as well as an additional claim not raised in his federal habeas petition. On October 26, 2016, the Michigan Supreme Court affirmed Petitioner's conviction but

remanded the case to the trial court for resentencing. *People v. Johnson*, 886 N.W.2d 620 (2016)(Table). The statute of limitations for filing his federal habeas petition began running 90 days later, on January 24, 2017. Petitioner filed his habeas petition on October 30, 2017. Petitioner's reply to Respondent's motion indicates that he has not filed a motion for relief from judgment in the trial court raising his unexhausted claims. Dkt. No. 10, pg. 11 (Pg. ID 935).

### III. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process[,]" including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Part of Petitioner's first habeas claim, as well as his third and fourth claims, were exhausted during his direct appeal, but his other claims have not been presented to the state courts. The petition therefore includes unexhausted claims.

The outright dismissal of the petition while Petitioner exhausts his state remedies with respect to his unexhausted claims could result in a subsequent petition being barred by the applicable one-year statute of limitations. About nine months had already expired on the statute of limitations when Petitioner initiated this action. Given the tension created by the interplay between the statute of limitations and the exhaustion requirement, courts are permitted to employ a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). This approach allows a district court to stay the federal proceeding and hold the habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. *Id*. After the state court completes its review of the petitioner's claims, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275–76.

This stay-and-abeyance procedure is appropriate only in "limited circumstances." *Id.* at 277. However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

litigation tactics." *Id.* at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interest in finality and speedy resolution of federal petitions." *Id.*

On the record provided, it cannot be determined whether Petitioner's unexhausted claims are plainly meritless, and in any event, he claims his appellate counsel was ineffective for failing to raise them on direct review. Furthermore, there is no indication or allegation by Respondent that Petitioner is engaged in intentionally dilatory litigation tactics.

## IV. Conclusion

Accordingly, the Court will deny Respondent's motion to dismiss, and instead it will stay the petition and hold the case in abeyance while Petitioner presents his unexhausted claims to the state courts.

The Court orders Petitioner to file a motion for relief from judgment in the trial court within sixty (60) days of the date of this order and then to pursue timely appeals through all levels of state review. If Petitioner is unsuccessful in state court and wishes to return to federal court, he must move to re-open this case and file an amended petition within sixty (60) days of exhausting state remedies for his claims. The motion must include the same case number that appears on this order. Failure

5

to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Finally, to avoid administrative difficulties, the Court orders the Clerk of Court to close this case. Nothing in this order shall be considered a disposition of the habeas petition.

IT IS SO ORDERED.


Dated:     March 8, 2019

>  s/Gershwin A. Drain
>  HON. GERSHWIN A. DRAIN
>  United States District Court Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 8, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager