UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD C. JOHNSON,

    Petitioner,

v.

RANDALL HAAS,

    Respondent.

_____/

Case No. 17-cv-13538

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF No. 16), DENYING PETITIONER'S MOTION REQUESTING THE COURT DENY RESPONDENT'S MOTION TO DISMISS (ECF No. 19), DENYING PETITIONER'S MOTION TO COMPEL DISCOVERY (ECF No. 15) AS MOOT, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

### I.   INTRODUCTION

Petitioner Ronald C. Johnson, who is currently in the custody of the Michigan Department of Corrections, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He challenges a conviction in the Wayne County Circuit Court for second-degree murder under Mich. Comp. Laws § 750.317. *Id.*

1

Presently before the Court is Respondent's Motion to Dismiss on ground that this Court lacks jurisdiction to consider the petition. ECF No. 16. Also before the Court are Petitioner's Motion to Compel Discovery, ECF No. 15, and Petitioner's Motion Requesting the Court Deny Respondent' Motion to Dismiss, ECF No. 19, which is just a response to Respondent's Motion to Dismiss. For the following reasons, the Court concludes it is without subject matter to consider Petitioner's claims and the instant case must be dismissed without prejudice to Johnson filing a new action. Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss (ECF No. 16), **DENIES** Petitioner's Motion Requesting the Court Deny Respondent's Motion to Dismiss (ECF No. 19), and **DENIES** Petitioner's Motion to Compel as **MOOT**. The Court also **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

## II. Background

Johnson was convicted, via bench trial, on January 22, 2013. ECF No. 9-1, PageID.247. He was initially sentenced on February 13, 2013 to a term of 27–50 years' imprisonment. *Id*. He filed a direct appeal, and on September 16, 2014, the Michigan Court of Appeals affirmed his conviction and sentence. *People v. Johnson*, No. 315247, 2014 WL 4628779 (Mich. Ct. App. Sep. 16, 2014). Johnson moved for reconsideration, and the Michigan Court of Appeals issued a second

opinion affirming his conviction and sentence. *People v. Johnson*, No. 315247, 2014 WL 5690417, at *1, *9 (Mich. Ct. App. Nov. 4, 2014) (per curiam). Johnson then filed an application for leave to appeal in the Michigan Supreme Court, and on October 26, 2016, that court affirmed Petitioner's conviction but remanded the case to the trial court for resentencing. *People v. Johnson*, 500 Mich. 878, 886 N.W.2d 620 (2016) (table).

Johnson filed the instant habeas petition on October 30, 2017, ECF No. 1, before the trial court conducted resentencing proceedings. The petition raised four claims challenging Johnson's conviction, including a claim that had not been to the state courts asserting that his appellate counsel was ineffective. Respondent moved to dismiss the petition because Johnson had not exhausted his ineffective assistance of appellate counsel claim. ECF No. 8. This Court denied the motion, but it ordered the case to be held in abeyance while Johnson exhausted his claims. ECF No. 11.

Meanwhile, on August 30, 2018, the trial court resentenced Johnson to a reduced term of 20–40 years' imprisonment. ECF No. 17-6. Johnson pursued state post-conviction review of his ineffective assistance of appellate counsel claim and then moved to reopen the case. ECF No. 13. This Court granted to motion. ECF No. 14.

3

Instead of filing a responsive pleading addressing Johnson's claims, Respondent filed a motion to dismiss the case on the grounds that the Court lacked jurisdiction when the petition was originally filed because Johnson had not yet been resentenced. ECF No. 16. Johnson had previously filed a motion for discovery in support of his substantive claims. ECF No. 15. He also filed a motion opposing Respondent's motion to dismiss, asserting that his actual innocence excuses the jurisdictional defect. ECF No. 19.

### III.  LAW & ANALYSIS

Respondent challenges the Court's jurisdiction to consider the petition. Whether a federal court has jurisdiction is a "threshold determination," *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), and one that the Court must even raise on its own if the parties do not, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

4

Here, while Johnson was obviously in physical custody when he filed his habeas petition, his original sentence had been vacated and the trial court had not yet entered a new judgment of sentence. The Sixth Circuit held that a federal court lacks jurisdiction to entertain a § 2254 habeas petition in a similar factual scenario:

> The issue here concerns whether a federal habeas court may consider a petitioner's convictions separately from, and before determination of, the sentence ultimately given by a state court. Under § 2254(a), a district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In *Burton v. Stewart*, 549 U.S. 147 (2007), the Supreme Court held that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id*. at 156 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). General principles of federal appellate jurisdiction require that review of state court proceedings await termination by final judgment, *Di Bella v. United States*, 369 U.S. 121, 124 (1962), and the final judgment in a criminal case does not occur "until after conviction and the imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984). "This insistence on finality and prohibition of piecemeal review discourage[s] undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases." *Di Bella*, 369 U.S. at 124 (citing *Cobbledick v. United States*, 309 U.S. 323, 324-26 (1940)).
>
> Because Davis filed his § 2254 petition while his appeal was still pending and before the state trial court reimposed a sentence on remand, his state judgment had not become final, and his habeas petition was therefore not ripe for review. As a result, the district court lacked jurisdiction to consider Davis's habeas petition. Although it

5

appears that this jurisdictional defect may have since been cured, *see Davis*, 2018 WL 3551573 (remanding for resentencing on July 24, 2018), "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)).

Accordingly, we VACATE the district court's judgment and REMAND the case with instructions that the district court dismiss Davis's habeas petition without prejudice.

*Davis v. Warren*, No. 18-1768, 2019 WL 3035577, *2 (6th Cir. Feb. 19, 2019).

In *Davis*, the petitioner filed his habeas petition while his appeal was still pending before the Michigan Court of Appeal, before his case ultimately remanded to the trial court for entry of a new judgment of sentence. *Id.* at *1. Similarly, here, Johnson filed his habeas petition between the time the Michigan Court of Appeals remanded his case to trial court for resentencing and the time that the new sentence was entered. In both cases, the fact that a new judgment was entered prior to the habeas court addressing the petition was insufficient to cure the jurisdictional defect because jurisdiction is measured at the time the petition is filed. *See id.* at *2. Because Johnson had not yet been resentenced when he filed his habeas petition, the case was not ripe for review, and this Court lacks jurisdiction to consider his petition. *See id.*

Johnson replies that his actual innocence cures the jurisdictional defect. While it is true that establishing a fundamental miscarriage of justice will overcome other bars to federal habeas review—such as a procedural default, *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986), or the statute of limitations, *McQuiggin v. Perkins*, 569 U.S. 383, 398–399 (2013)—there is no such exception for jurisdictional requirements. *See, e.g.*, *Gage v. Chappell*, 793 F.3d 1159, 1169 (9th Cir. 2015); *Ferro v. Holder*, 2013 U.S. Dist. LEXIS 111501, *6 (C.D. Cal. June 13, 2013) ("The actual innocence exception to the statute of limitation has no bearing on the jurisdictional question.").

Accordingly, the petition for writ of habeas corpus must be dismissed without prejudice because the Court lacked jurisdiction to consider it when the petition was filed. Johnson may still seek federal habeas review by instituting a new action.

### IV. CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Johnson must obtain a certificate of appealability to appeal the Court's decision. 28 U.S.C. § 2253(c)(2). To do so, he must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

7

(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's determination that it is without jurisdiction to consider the habeas petition. Accordingly, the Court declines to grant a certificate of appealability.

Johnson is denied permission to appeal in forma pauperis because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss (ECF No. 16) is **GRANTED**.

IT IS FURTHER ORDERED that Petitioner's Motion Requesting the Court Deny Respondent's Motion to Dismiss (ECF No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Compel (ECF No. 15) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability and **DENIES** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: April 4, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 4, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

9